**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 1 2005**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellant,

v.

ROBERTO GONZALES,

    Defendant - Appellee.

No. 04-2126

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**
**(D.C. No. CR-04-520-RB)**

---

David N. Williams, Assistant U.S. Attorney, (and David C. Iglesias, United States Attorney, on the brief), Albuquerque, New Mexico, for Plaintiff - Appellant.

John E. Leeper (and Joseph (Sib) Abraham, Jr., with him on the brief), El Paso, Texas, for Defendant - Appellee.

---

Before **KELLY**, **ANDERSON**, and **LUCERO**, Circuit Judges.

---

**KELLY**, Circuit Judge.

---

The government appeals the district court's grant of Defendant Roberto Gonzales's motion to suppress evidence obtained from his home pursuant to a warrant. The government concedes the warrant lacked probable cause, but argues

that the good faith exception established in <u>United States v. Leon</u>, 468 U.S. 897

(1984), applies.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.


<u>Background</u>

The warrant in this case arose out of a one-car accident where Mr.

Gonzales rolled the vehicle he was driving after he had been drinking.  Mr.

Gonzales was arrested for aggravated driving under the influence of intoxicating

liquor or drugs, and transported to the hospital due to the serious injuries he

sustained during the accident.  The officers then conducted an inventory search of

the wrecked vehicle before having it towed from the accident scene.  In the course

of the search, the officers found a Glock 10mm magazine containing nine live

rounds, but no matching weapon.  Subsequently, the officers discovered that Mr.

Gonzales was a convicted felon, and they also discovered that the vehicle was

registered to Honorio Contreras, who had a relationship with Mr. Gonzales's

mother and lived at the same location as Mr. Gonzales.  App. at 101.

Two days after the accident, Detective Filomeno Gonzales[1] applied for a

warrant to search Mr. Gonzales's residence for firearms and ammunition.  App. at

17.  The supporting affidavit identified "321 E. Church" as the place to be

---

[1]As the Affiant-Detective and the Defendant in this case have the same last name, the Defendant will hereinafter be referred to as "Mr. Gonzales" and the officer as "Detective Gonzales" or "detective."

searched and detailed Mr. Gonzales's accident and the resulting inventory search. The detective also stated that he had two years of law enforcement experience and that he "knows from Police training and experience that firearm [sic] are often kept at the residence as well as in vehicles." Id. at 18. However, the affidavit never specified that 321 E. Church was Mr. Gonzales's residence or that there was any other connection between that location and Mr. Gonzales, the vehicle, or the suspected criminal activity. The affidavit also failed to specify who owned the vehicle.

The detective submitted the affidavit to his supervising officer and an assistant district attorney for approval, which was given, and the magistrate[2] ultimately issued the warrant. As a result of the search, officers found several firearms and abundant weapon-related paraphernalia, and Mr. Gonzales was indicted for Felon in Possession of Ammunition and Firearms, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2).

Mr. Gonzales moved to suppress the evidence arguing that the warrant was not supported by probable cause and the deficiency was such that the warrant could not be relied on in good faith. App. at 20. The district court granted Mr. Gonzales's motion finding that there was no probable cause because the "affidavit

---

[2]The magistrate judge in this case was not a lawyer. By statute, New Mexico provides that Magistrate Court judges do not have to be licenced attorneys or have formal legal training. N.M. Stat. Ann. § 35-2-1.

[did] not set forth evidence linking Defendant's home with suspected criminal activity," Id. at 53, and that the Leon good faith exception did not apply because (1) the magistrate was misled by the officer's failure to state in the affidavit that Mr. Gonzales did not own the vehicle he was driving, and (2) the affidavit was so lacking that any official belief that probable cause existed was unreasonable. Id. at 55-56. The government appealed pursuant to 18 U.S.C. § 3731.

Discussion

In reviewing a district court's disposition of a motion to suppress, we accept the factual findings unless they are clearly erroneous, and review questions of law de novo. United States v. Artez, 389 F.3d 1106, 1111 (10th Cir. 2004); United States v. Danhauer, 229 F.3d 1002, 1005 (10th Cir. 2000). Whether a warrant is supported by probable cause and whether the Leon good faith exception applies are both questions of law. Danhauer, 229 F.3d at 1005.

Appellate courts have discretion to address probable cause or to proceed directly to good faith. United States v. Rowland, 145 F.3d 1194, 1206 n.8 (10th Cir. 1998). Here, as the government concedes, the affidavit clearly lacked probable cause as it failed to establish any connection between the place to be searched and Mr. Gonzales or the suspected criminal activity. It is well-settled that for probable cause to exist there must be a "nexus between [the contraband to

- 4 -

be seized or] suspected criminal activity and the place to be searched." Id. at 1203-04 (quoting United States v. Corral-Corral, 899 F.2d 927, 937 (10th Cir. 1990) (alteration in original)). Thus, we proceed directly to the good faith analysis.

Searches conducted pursuant to a warrant are favored, Leon, 468 U.S. at 914, and, as such, the magistrate's determination that probable cause exists is entitled to great deference. Danhauer, 229 F.3d at 1006. Likewise, officers are generally not required to second-guess the magistrate's decision in granting a warrant. United States v. Tuter, 240 F.3d 1292, 1300 (10th Cir. 2001). These principles are clearly in line with the exclusionary rule's purpose of deterring improper police action, rather than punishing errors made by magistrates. Leon, 468 U.S. at 916. Thus, the Supreme Court in Leon established that evidence obtained pursuant to a warrant that is later found to be defective is not properly excluded when the warrant is relied on by the officers in objective good faith.

That said, the deference given to such warrants "is not boundless." Id. at 914. Indeed, there are four contexts where an officer cannot be found to have relied on a warrant in good faith. Two of these contexts are at issue here: (1) where the magistrate "was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth," and (2) where the supporting affidavit is "so lacking in indicia of

probable cause as to render official belief in its existence entirely unreasonable."

Id. at 923 (citations and internal quotations omitted).

A. Deliberately or Recklessly False Affidavit

Mr. Gonzales argues that the magistrate was misled by the officer's failure to state in the affidavit that Mr. Gonzales was not the owner of the vehicle where the magazine was found. We find this fact irrelevant in these circumstances. While it might be true the magistrate mistakenly assumed Mr. Gonzales owned the vehicle, the affidavit clearly established that Mr. Gonzales was in exclusive control of it as its sole occupant, and in such circumstances, it is reasonable for the magistrate to infer control over the vehicle's contents, regardless of ownership. See United States v. Norman, 388 F.3d 1337, 1340-41 (10th Cir. 2004).

Further, to establish a lack of good faith where information has been omitted from the affidavit, the defendant must prove by a preponderance of the evidence that the officer acted intentionally or recklessly. Corral-Corral, 899 F.2d at 933 (citing Franks v. Delaware, 438 U.S. 154, 171 (1978)).[3] Here, the district court found that Detective Gonzales omitted the information from the

---

[3]The government asserts that Mr. Gonzales is precluded from making this argument as he failed to make the required showing and request a Franks hearing below. Franks, 438 U.S. at 171-72 (detailing process for challenging the content of an affidavit supporting a search warrant). However, in light of our resolution of this issue, it is unnecessary to address the government's assertion.

affidavit, not out of ill will, but "simply as a result of inexperience." App. at 124. This finding is not clearly erroneous. Thus, the most that can be established is that the officer omitted the information out of "negligence or innocent mistake," which is insufficient to overcome a finding of good faith. Franks, 438 U.S. at 171.

B. Affidavit Lacking Indicia of Probable Cause

Mr. Gonzales also argues that the affidavit was wholly lacking in indicia of probable cause because it failed to establish any connection between the place to be searched and the suspected criminal activity–a felon in possession of a firearm. While the government concedes the affidavit was so lacking, it argues that "the purposes served by the [Fourth] Amendment were advanced by the professionalism of the officer in seeking the warrant, and in complying with its command." Aplt. Br. at 11. Specifically, the government asserts exclusion is not proper here because the officer "prepared an affidavit, he had it reviewed by his supervisory sergeant, he had it presented to an assistant district attorney, and only then did he submit it to a magistrate." Id. at 16-17.

We agree the detective employed a reasonable process in seeking the warrant; however, this fact alone does not establish good faith reliance. While officers are generally entitled to rely on the magistrate's judgment, they are also required to exercise their own professional judgment. Indeed, law enforcement

officials are presumed to have a reasonable knowledge of the law, Leon, 468 U.S. at 919 n.20, and we determine good faith in this context by considering whether a "reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization." Id. at 922 n.23. Under this standard, when the underlying documents are "devoid of factual support," an officer cannot be said to have relied on them in good faith. Corral-Corral, 899 F.2d at 939; accord Danhauer, 229 F.3d at 1006.

Here, Detective Gonzales's affidavit listed the address of the place to be searched in the caption and described the residence with particularity; however, there were no facts explaining how the address was linked to Mr. Gonzales, the vehicle, or the suspected criminal activity, or why the officer thought the items to be seized would be located at the residence. Rather, besides the physical description of the address, the only facts before the magistrate were that Mr. Gonzales was a convicted felon and a Glock 10mm magazine was found in a vehicle in which he was the only occupant. The only attempt at a connection was the detective's assertion that in his experience, "firearm [sic] are often kept at the residence."

The Sixth Circuit, sitting en banc, recently addressed a similar situation in United States v. Carpenter, 360 F.3d 591 (6th Cir. 2004) (en banc). In Carpenter, officers observed a marijuana patch via helicopter and sought a warrant to search

the suspects' residence.  In the affidavit, the officers detailed the investigation and specified the address, but they failed to show that the residence belonged to the suspects.  360 F.3d at 593.  Despite this failing, the Sixth Circuit held that the officers relied on the warrant in good faith because the affidavit established  "a minimally sufficient nexus between the illegal activity and the place to be searched" as the facts provided showed the marijuana patch was growing near the residence and there was a pathway between the residence and the plants.  Id. at 596.  The court reasoned that while probable cause requires a substantial nexus, good faith is proper whenever there is a minimal nexus.  Id.; see also  United States v. Van Shutters, 163 F.3d 331, 336-38 (6th Cir. 1998) (finding good faith when affidavit failed to identify residence as belonging to suspect, but detailed the officer's counterfeiting investigation and specified the residence was "available" to the suspect).

On the other hand, in United States v. Hove, 848 F.2d 137 (9th Cir. 1988), the Ninth Circuit held that good faith reliance was lacking where the supporting affidavit failed to provide any connection between the residence subject to search and the suspect or suspected criminal activity.  In Hove, officers suspected a woman of sending bomb threats to her ex-husband and sought a warrant to search the place in which they believed she was living.  Id. at 138-39.  However, none of the facts supporting the officers' belief that the woman lived at the address to be

searched were included in the affidavit. In rejecting the government's good faith argument, the court stated, "the affidavit offer[ed] no hint as to why the police wanted to search this residence. The affidavit . . . [did] not offer an explanation of why the police believed they may find incriminating evidence there; the affidavit simply list[ed] the . . . address as the location to be searched." Id. at 139-40. See also Janis v. Virginia, 472 S.E.2d 649 (Va. Ct. App. 1996) (holding good faith reliance did not exist where affidavit failed to state facts linking place to be searched with suspected criminal activity).

We agree with the Sixth Circuit that good faith may exist when a minimal nexus between the place to be searched and the suspected criminal activity is established. However, this showing is absent here. Like Hove, the affidavit in this case completely failed to explain why the detective believed the items sought would be found at 321 E. Church. And even though we have previously held that courts may properly rely on an officer's experience in finding probable cause, Corral-Corral, 899 F.2d at 937; United States v. One Hundred Forty-Nine Thousand Four Hundred Forty-Two and 43/100 Dollars in U.S. Currency, 965 F.2d 868, 874 (10th Cir. 1992), here, the detective's generically stated experience–that "firearm [sic] are often kept at the residence"–was not supported by any facts establishing the residence belonged to or was otherwise linked to Mr. Gonzales. Where we have relied on similar statements, it was clear the place to

be searched was the suspect's residence; thus, giving meaning to officer's statement. See One Hundred Forty-Nine Thousand Four Hundred Forty-Two and 43/100 Dollars in U.S. Currency, 965 F.2d at 874 (relying on officer's experience that drug dealers often keep records and transaction information at their residence where it was clear the place being searched was the suspected dealer's house). But where this connection is lacking, as it is here, we find this information, in and of itself, of little value.

For good faith to exist, there must be some factual basis connecting the place to be searched to the defendant or suspected criminal activity. When this connection is wholly absent, the affidavit and resulting warrant are "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." Leon, 468 U.S. at 923. Exclusion is appropriate in such circumstances because "reasonably well-trained" officers, exercising their own professional judgment, will be able to recognize the deficiency. Here, the warrant was "so lacking," and the officer's reliance upon it was not objectively reasonable.

AFFIRMED.