

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-4-2007

# USA v. Hopkins

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2197

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Hopkins" (2007). *2007 Decisions.* Paper 1359.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1359

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-2197
_____

UNITED STATES OF AMERICA

v.

MAKEL R. HOPKINS,
                              Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 02-cr-00672)
District Judge:  Honorable Legrome D. Davis
_____

Submitted Under Third Circuit LAR 34.1(a)
March 30, 2007

Before:  FISHER, JORDAN and ROTH, *Circuit Judges*.

(Filed:  April 4, 2007)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

     Makel Hopkins entered a conditional plea of guilty to one count of possession with

intent to distribute more than fifty grams of cocaine base, in violation of 21 U.S.C.

§§ 841(a)(1) and (b)(1)(A), and one count of possession of a firearm by a convicted felon,

in violation of 19 U.S.C. § 922(g).  The District Court sentenced him to 150 months

imprisonment.  Hopkins now appeals the District Court's refusal to grant his motion to suppress evidence recovered from his home and his vehicle.  For the reasons set forth below, we will affirm the District Court's judgment.

I.

Because we write only for the parties, who are familiar with the factual and procedural history of this case, we set forth only those facts necessary to our analysis.  On September 1, 2001, Philadelphia police officers responded to a report of an assault at 5709 North Third Street in Philadelphia.  Upon their arrival, the victim, Quianna Brown, told the officers that her boyfriend, Hopkins, had struck her in the head with a black and grey semi-automatic handgun while they were inside his vehicle, a light blue Chevrolet Tahoe, with Pennsylvania license plate number DTL2255.

Approximately three weeks later, on September 20, 2001, Hopkins reported a burglary at his home at 1116 East Mount Airy Avenue, Apartment C-8, in Philadelphia.  The responding officers found a spent shell casing and a magazine for a semi-automatic pistol.  Six days later, on September 26, 2001, Detective John Verruchio and another officer were discussing the Hopkins assault case when Detective Andrew Kensey, who had worked the Hopkins burglary case, realized that the same Hopkins was involved in both incidents.  Kensey provided Verruchio an address for Hopkins and then called Hopkins to the station, where he was arrested for the assault.

Verruchio proceeded to draft an application for a search warrant for Hopkins' home.  His affidavit stated that, on September 1, 2001, the complaining witness, Brown,

was inside a vehicle with Hopkins, who pulled out a black and silver handgun,[1] threatened to kill Brown and then beat her about the head with the gun. Hopkins fled from the scene in the light blue Tahoe. The second paragraph of the affidavit stated that Hopkins had reported a burglary on September 20, 2001, at 1116 East Mount Airy Avenue, Apartment C-8. Prior to this time, Hopkins' address had been unknown. A municipal court judge issued a search warrant authorizing officers to search Hopkins' residence for proof of residency and evidence of a black and silver pistol. Upon execution of the search warrant and the subsequent search, officers recovered 237 grams of crack cocaine, proof of residency, and equipment used in the manufacture and packaging of crack cocaine.

Later that day, Detectives Brian Kelly and James Coughlin obtained a warrant to search a light blue Tahoe with Pennsylvania license plate number DTL2255 that was parked a block away from the police station. The affidavit accompanying the request for the warrant included the details of Brown's assault, stated that a check of the Bureau of Motor Vehicles ("BMV") indicated that Hopkins owned the Tahoe, and indicated that Hopkins had been arrested for the assault. The application sought a search warrant for the Tahoe to search for the black and silver pistol. A municipal court judge authorized the warrant. A subsequent search of the vehicle uncovered a black and grey, Ruger 9 mm semi-automatic pistol.

---

[1]While Brown initially described the weapon as "grey," officers described it as "silver" in the affidavits.

After being charged in a two-count federal indictment, Hopkins moved to suppress the evidence recovered in his home and his vehicle, claiming that the warrants were so devoid of the requisite indicia of probable cause that no reasonably trained officer would believe they were sufficient.[2] The District Court disagreed, finding that the affidavits provided a sufficient nexus between the assault and Hopkins' residence and vehicle such that it was likely that either could contain evidence of his crime.

Following his sentencing, Hopkins filed this timely appeal.

## II.

Hopkins' sole contention on appeal is that the affidavits accompanying the requests for the search warrants lacked any reliable indicia that the pistol used in the assault on Brown would be found in Hopkins' home or his vehicle.[3] While we exercise plenary review over a district court's denial of a motion to suppress, reviewing its factual determinations for clear error, *United States v. Perez*, 280 F.3d 318, 336 (3d Cir. 2002), we perform a deferential review of a magistrate's or municipal judge's initial determination regarding probable cause. *United States v. Ritter*, 416 F.3d 256, 261 (3d Cir. 2005). "Keeping in mind that the task of the issuing magistrate is simply to determine whether there is a 'fair probability that contraband or evidence of a crime will

---

[2]On appeal, Hopkins has not raised the additional arguments he presented to the District Court regarding the sufficiency of the warrants.

[3]The District Court exercised jurisdiction over the criminal proceeding pursuant to 18 U.S.C. § 3231. We have jurisdiction over a final order of the District Court pursuant to 28 U.S.C. § 1291.

be found in a particular place,' a reviewing court is to uphold the warrant as long as there is a substantial basis for a fair probability that evidence will be found." *United States v. Conley*, 4 F.3d 1200, 1205 (3d Cir. 1993) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)).  In other words, we do not determine that the affidavit actually established probable cause, but rather determine whether it provided a "substantial basis" for finding probable cause.  *United States v. Jones*, 994 F.2d 1051, 1054 (3d Cir. 1993).  This does not mean that we will simply "rubber stamp" the magistrate's conclusion, but it does mean that "'the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants.'"  *Id.* at 1055 (quoting *United States v. Ventresca*, 380 U.S. 102, 109 (1965)).

When determining if probable cause exists, a magistrate must determine whether, based on the totality of the circumstances, "'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'"  *United States v. Hodge*, 246 F.3d 301, 305 (3d Cir. 2001) (quoting *Gates*, 426 U.S. at 238).  When basing such a decision on an affidavit, the judge must read the entire affidavit in a "commonsense and nontechnical manner."  *United States v. Whitner*, 219 F.3d 289, 296 (3d Cir. 2000) (internal quotation marks and citations omitted).  In doing so, the magistrate may give "considerable weight" to the conclusions of experienced law enforcement officers.  *Id.*

Because a search is directed at a place and not a person, there must be probable cause to believe that the contraband sought will be at the location specified in the search warrant.  *Jones*, 994 F.2d at 1055.  An affidavit need not provide direct evidence linking

the crime to the place to be searched. *Hodge*, 246 F.3d at 305 (internal citation omitted).

Rather, a judge may infer probable cause based on "the type of crime, the nature of the items sought, the suspect's opportunity for concealment and normal inferences about where a criminal might hide the fruits of his crime." *Id.* (internal citation omitted). For example, in *Jones* we found an affidavit was sufficient to provide probable cause despite the lack of direct evidence linking the defendant's home to the robbery being investigated. We determined that a residence was a typical place for a suspect to store firearms used in and cash taken during a robbery. *Jones*, 994 F.2d at 1056. That finding coupled with evidence indicating that Jones was the perpetrator of the underlying crime was sufficient for a finding of probable cause. *Id.* at 1056-57.

We similarly find in this case that the affidavits provided a substantial basis for the municipal judge's finding of probable cause. As to the affidavit provided in the application for a search warrant for Hopkins' residence, it clearly identified Hopkins as the perpetrator and included information indicating that Hopkins lived at the apartment to be searched, as he had called to report a burglary of the residence six days previously. Further, the evidence sought, a weapon used in an assault, is of the type typically stored in a perpetrator's residence. *Id.* at 1056; *see also United States v. Anderson*, 851 F.2d 727, 729 (4th Cir. 1988); *United States v. Steeves*, 525 F.2d 33, 38 (8th Cir. 1975).[4]

---

[4]This case is distinguishable from *United States v. Gonzales*, 399 F.3d 1225 (10th Cir. 2005), cited by Hopkins. In *Gonzales*, the affidavit included with the application for the warrant included no indication that the residence to be searched was the suspect's or any other connection between the location and the crime or the suspect. *Id.* at 1228. As

6

As to the affidavit that accompanied the application for a warrant for the Tahoe, it stated that BMV records indicated that a light blue Chevrolet Tahoe with the same license plate number as that parked near police headquarters was registered to Hopkins. Further, the affidavit provided direct evidence linking the Tahoe to the crime, as the assault took place in the Tahoe. Finally, the affidavit included the fact that Hopkins had been arrested for the assault. *See Hodge*, 246 F.3d at 307 (citing *Jones*, 994 F.2d at 1055-56) (finding that, while probable cause to arrest does not immediately provide probable cause to search a residence, it increase the likelihood that an arrestee's residence contains evidence of a crime). This information was sufficient to provide a substantial basis for a finding of probable cause.

Hopkins' claim that the information that provided the basis for the warrants was stale is equally unavailing. In *Jones* we found the fact that two weeks had passed since the robbery occurred was not sufficient for information to be stale. "[T]he passage of two weeks, while certainly long enough to enable the defendants to hide the cash, was not so long as to dispel the likelihood that it would still be in their residences." *Jones*, 994 F.2d at 1056. The same is true here. The passage of three weeks since the assault is not such a long period that it is likely that Hopkins would have disposed of the gun.

Because we find that the affidavits the detectives presented to the municipal judge were sufficient to provide a "substantial basis" for finding a fair probability that evidence

---

indicated above, the affidavits provided to the municipal judge in this case included clear indications that the residence was Hopkins' and that the car belonged to him.

would be located at Hopkins' residence or in his Tahoe, we need not reach the issue of good faith reliance on a warrant pursuant to *United States v. Leon*, 468 U.S. 897 (1984). Therefore, and for the reasons set forth above, we will affirm the District Court's decision and judgment of conviction.