**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 19, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

TERRY JAY OLSON,

Defendant-Appellant.

No. 08-4062

District of Utah

(D.C. No. 2:07-CR-00199-TC-1)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **KELLY** and **McCONNELL**, Circuit Judges.

Defendant Terry Jay Olson was charged with possession of cocaine with

intent to distribute and possession of a firearm by a previously convicted felon.

He filed a conditional plea of guilty to the latter charge; the drug distribution

charge was dismissed. Mr. Olson reserved the right to appeal the district court's

denial of his motion to suppress evidence found in a warranted search of his

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination
of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is
therefore submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

residence. In district court, Mr. Olson argued that the affidavit submitted in support of the search warrant was insufficient to establish probable cause. Without reaching a determination on the sufficiency of the affidavit, the district court denied the motion on the basis of the good faith exception to the exclusionary rule. *See United States v. Leon*, 468 U.S. 897 (1984). The court stated that "the detectives reasonably relied on the warrant issued by a neutral judge, triggering the good faith exception to the exclusionary rule."

On appeal, the defendant argues first that the district court erred in proceeding to the good faith exception without first addressing the sufficiency of the affidavit. However, the Supreme Court has left it to the "informed discretion" of the district court to decide the order of addressing these issues. *Id.* at 925; *see United States v. McKneely*, 6 F.3d 1447, 1453-54 (10th Cir. 1993). The defendant is no doubt correct that it is helpful for the development of precedent for district courts to reach the Fourth Amendment merits in cases involving novel or significant questions, but it is far from clear that this is such a case, and in any event a court's discretionary decision not to do so is not ground for reversal.

The defendant also argues that, for two reasons, the good faith exception does not apply to this case: (1) the affidavit is so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and (2) the warrant is so facially deficient that the executing officer could not reasonable believe it was valid. We cannot agree with either contention. Whether or not the

evidence sworn in the affidavit rises to the level of probable cause, the affidavit contains sufficient evidence of suspected wrongdoing that an officer's reliance on it cannot be deemed "wholly unwarranted," which is the legal standard. *McKneely*, 6 F.3d at 1454. Mr. Olson and other persons associated with the property had criminal records for drug distribution; Mr. Olson had been a suspect in past investigations known to the investigators. Affidavit, ¶ 6. During a two-week surveillance of the property, the officers performed a search of the trash can in front of the home and found a cigarette pack containing a "bindle bag" with a white, powdery substance resembling methamphetamine, and several other plastic baggies containing suspected drug residue. *Id.*, ¶ 5. In a paragraph entitled "Additional Probable Cause," the affidavit recited that a baggie with suspected methamphetamine residue was tested and found to contain amphetamine compounds. *Id.*, ¶ 6. We agree with the district court that this was sufficient to meet the legal standard for the good faith exception.

The defendant argues that "amphetamine compounds" are found in several licit drugs and therefore could not reasonably be thought to support probable cause. We do not think this is reason enough to overturn the district court's ruling. Even without the lab testing, the discovery by trained drug officers of baggies containing what appeared to be narcotics residue is "some factual basis" for the warrant. *United States v. Gonzales*, 399 F.3d 1225, 1231 (10th Cir. 2005). Moreover, the fact that the residue was found in a "bindle bag," which was known

to the officers as commonly used by drug users and dealers, Aff. ¶ 5, makes it even less likely that the amphetamine compounds came from nasal decongestants, as the defendant would have us believe.

The judgment of the United States District Court for the District of Utah is **AFFIRMED**.

Entered for the Court,

Michael W. McConnell
Circuit Judge