**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 27, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

BERNOID WAKE, III,

Defendant-Appellant.

No. 08-3254

(D.C. No. 06-CR-20079-CM-1)

(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **McKAY**, and **ANDERSON**, Circuit Judges.

---

Defendant pled guilty to possessing crack cocaine with intent to distribute
and was sentenced to a 151-month term of imprisonment. On appeal, he
challenges the district court's denial of his motion to suppress evidence seized
from his residence pursuant to a warrant.

The warrant Defendant challenges was issued on May 31, 2006, and
executed early in the morning on June 1, 2006. The affidavit in support of the
warrant attested that the police department had received numerous complaints
over the past year about Defendant and his brother manufacturing and selling a

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

This case was ordered submitted on the briefs on February 3, 2009.

large amount of crack cocaine. Around the third week of May, the department had received an anonymous complaint about drug activity occurring at a residence on Spruce Street in Leavenworth, Kansas. An officer conducted surveillance at that address and observed Defendant going in and out of the residence several times. The officer also ran a records check on Defendant and learned that on two occasions in 2004 officers had discovered cocaine or marijuana in Defendant's possession or in areas where he had recently been. The affidavit further stated that on May 29, 2006, the officer observed a plume of smoke when Defendant left his Spruce Street residence. The officer then smelled the odor of burnt marijuana in the air, and he observed that the odor of burnt marijuana was strongest when he stood directly in front of Defendant's residence. Finally, the affidavit attested that on May 30, 2006, the officer collected two bags of trash that had been placed at the curb in front of Defendant's residence for disposal. The officer found several items in the trash bags that were consistent with drug use and distribution, including a plastic liner covered in green vegetation that field-tested positive for marijuana, plastic baggies that were missing their corners, a baggie containing a white substance that field-tested positive for cocaine, and a large amount of loose cigar tobacco mixed with green vegetation.

Defendant argued before the district court and re-argues on appeal that the warrant was invalid because the affidavit was based on stale and anonymous information and information obtained through an unlawful search of his trash. In

reviewing the district court's denial of his suppression motion, we accept the court's factual findings unless clearly erroneous and review questions of law de novo. *United States v. Gonzales*, 399 F.3d 1225, 1228 (10th Cir. 2005). "The ultimate question of whether a search and seizure was reasonable under the Fourth Amendment is a question of law reviewed de novo." *United States v. Glover*, 104 F.3d 1570, 1576 (10th Cir. 1997).

We first consider the legality of the warrantless search of Defendant's trash the day before the search warrant was issued. Defendant contended at the suppression hearing and maintains on appeal that the trash bags at issue were located beside a mailbox on his front porch and that the officer impermissibly entered his yard and removed the bags from his front porch. The officer initially testified that the trash bags were located next to a mailbox by the curb, and the evidence introduced at the hearing suggested a possible discrepancy regarding the location of the mailbox. However, the district court found that the trash bags were located outside of the fence and by the curb as had been stated in the affidavit. The court also noted that affidavit did not mention the mailbox and thus the location of the mailbox had not affected the state court's probable cause determination. A review of the record reveals ample evidence to support the district court's factual finding that the trash bags were located by the curb, and we therefore concluded that Defendant's constitutional rights were not violated by the officer's removal and search of the trash bags. *See California v.*

*Greenwood*, 486 U.S. 35, 40-41 (1988) (holding that an individual has no reasonable expectation of privacy in items found in plastic garbage bags left on or at the side of a public street).

As for Defendant's argument that the warrant was invalid because the affidavit included information received from anonymous sources, the cases he cites involved warrants that relied solely on anonymous information. Here, the anonymous reports of Defendant's drug trafficking were corroborated by the officer's detection of the odor of marijuana in front of Defendant's residence and his discovery of drug residue and apparent drug paraphernalia in Defendant's trash. We thus see no error in the inclusion of information received from anonymous sources in the search warrant. *See United States v. Danhauer*, 229 F.3d 1002, 1006 (10th Cir. 2000) ("When there is sufficient independent corroboration of an informant's information, there is no need to establish the veracity of the informant."); *United States v. Berrocal*, No. 00-4001, 2000 WL 1629437, *2 (10th Cir. Oct. 31, 2000) (unpublished) (holding that a citizen informant's report of drug trafficking was corroborated by an officer's trash pull that revealed numerous items associated with methamphetamine manufacturing).

Likewise, we see no error in the inclusion of information regarding Defendant's possession of drugs on two occasions two years before the warrant was issued. Although such information would not in itself justify the issuance of a search warrant, its inclusion does not invalidate an otherwise valid warrant.

The affidavit included ample information supporting probable cause regardless of this historical information. Moreover, we note that "otherwise stale information may be refreshed by more recent events" and that, "[w]hen the circumstances suggest ongoing criminal activity, the passage of time recedes in importance." *United States v. Cantu*, 405 F.3d 1173, 1177-78 (10th Cir. 2005).

For the foregoing reasons, we **AFFIRM** the district court's denial of Defendant's suppression motion. Defendant's conviction and sentence are **AFFIRMED**.

Entered for the Court

Monroe G. McKay
Circuit Judge