**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 20, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GREGORY R. WRIGHT,

Defendant - Appellant.

No. 09-4005

(D. Utah)

(D.C. No. 1:07-CR-00046-TS-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **MURPHY**, Circuit Judge.

---

**I. Introduction**

Gregory Wright was charged in a one-count indictment with possession of fifty grams or more of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). Police officers seized over one pound of methamphetamine and $10,000 while executing a search of the residence Wright shared with his mother. Wright filed a motion to suppress this evidence, arguing

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the information contained in the supporting affidavit was stale and, even if not stale, did not support a finding of probable cause. After the district court denied his motion, Wright pleaded guilty to the charge, preserving his right to appeal the denial of his suppression motion. *See* Fed. R. Crim. P. 11(a)(2). On appeal, Wright argues the affidavit supporting the search warrant did not establish probable cause because it failed to establish a sufficient nexus between the alleged illegal activity and his residence. An examination of the sufficiency of the affidavit in light of the totality of the circumstances demonstrates the district court did not err when it denied Wright's motion to suppress. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, this court therefore **AFFIRMS**.

## II. Background

On March 15, 2007, Detective Ryan Reid of the Roy City Police Department applied for a warrant to search Wright's residence at 3750 South Midland Drive in Roy, Utah. In his supporting affidavit, Detective Reid averred there was probable cause to believe Wright was a methamphetamine dealer who stored large quantities of methamphetamine, as well as related processing and packaging material, at his residence. The affidavit lists several anonymous complaints about Wright's methamphetamine dealings and information from four confidential informants regarding Wright's ongoing methamphetamine distribution operation.

The affidavit states the Weber County Sheriff's Office received an anonymous complaint in May 2003 about two people who appeared to be conducting a drug deal in a church parking lot. Further investigation revealed one of the people observed in the parking lot used a vehicle belonging to Wright. The police also received two more anonymous complaints about Wright: the first, in March 2004, stated Wright used the 3750 South Midland Drive residence to store the methamphetamine he was selling; the second, in August 2005, stated Wright was "a very large methamphetamine dealer and one of the biggest in the Weber County area."

The affidavit also details information Detective Reid received from four confidential informants ("CI#1," "CI#2," "CI#3," and "CI#4"). In the fall of 2006, CI#1 and CI#2 both informed Detective Reid that Wright was "a very big methamphetamine dealer in the Weber County area" and that he lived at 3750 South Midland Drive with his mother. Later, in December 2006, CI#3 provided Detective Reid with a detailed account of Wright's drug distribution network, which corroborated the information provided by CI#1 and CI#2 regarding Wright's use of the 3750 South Midland Drive residence. Also in late 2006, police arrested an individual identified by CI#1 and CI#2 as one of Wright's methamphetamine suppliers. This individual, identified in the affidavit as CI#4, subsequently provided detailed information about Wright's drug trafficking

business which again corroborated the information provided by the other confidential informants and anonymous complaints.

In March 2007, Detective Reid contacted both the Internal Revenue Service and the Utah State Tax Division and verified Wright had not reported any income for a number of years. This corroborated the confidential informants' statements that Wright had not held a job for number of years and that methamphetamine distribution represented his main source of income.

Finally, Detective Reid attested CI#3 had "recently" been in contact with Wright. CI#3 informed him that Wright "is still buying large quantities of methamphetamine from his source in [Salt Lake City, Utah], storing these narcotics inside his bedroom inside his house . . . at 3750 South Midland Drive #15 with [h]is mother and is in turn selling large amounts of methamphetamine to a number of people in the Ogden and Roy areas."

Reid's affidavit did not, however, provide a complete list of all of the techniques used by the police during their four-year investigation of Wright. During a detention hearing on April 24, 2007, Detective Reid testified he used a variety of investigative techniques, including "knock and talks" and "trash covers," and also attempted to orchestrate several controlled buys, all of which proved unsuccessful.

Based upon the information contained in the affidavit, the Utah Second District Court issued a search warrant for Wright's residence on March 15, 2007.

Utah law enforcement officers executed the warrant on March 20, 2007. Officers located over one pound of high-quality methamphetamine and $10,000 at Wright's residence. On May 2, 2007, Wright was indicted by a federal grand jury on one count of possession of fifty or more grams of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A).

Wright filed a motion to suppress the evidence seized from his residence, arguing the warrant authorizing the search was not supported by probable cause because the information in the supporting affidavit was stale and the information provided by the confidential informants did not provide a sufficient nexus between Wright's alleged criminal activity and his residence. Wright also argued against applying the good-faith exception to the exclusionary rule recognized in *United States v. Leon*, 468 U.S. 897 (1984), because Detective Reid could not have reasonably believed the search warrant was constitutionally valid.

On October 22, 2007, the district court rejected Wright's staleness argument in light of the ongoing nature of Wright's suspected drug activities and found the information provided by the four confidential informants provided a substantial basis for probable cause. As a result, the district court found it unnecessary to address Wright's arguments under *Leon*. Wright then pleaded guilty to the single count of the indictment, preserving his right to appeal the denial of his motion to suppress. *See* Fed. R. Crim. P. 11(a)(2).

On appeal, Wright argues the search warrant was not supported by probable cause because the supporting affidavit failed to establish a sufficient nexus between the alleged criminal activity and Wright's residence. Wright also argues Detective Reid's knowing or reckless omission of material information from the affidavit renders the search warrant invalid under *Franks v. Delaware*, 438 U.S. 154, 155-56, 171-72 (1978). Wright argues the good faith exception does not apply because the supporting affidavit was "so obviously lacking in nexus and probable cause that the magistrate necessarily acted as a rubber stamp," and because Detective Reid knowingly misled the issuing judge by omitting information regarding past unsuccessful investigative efforts pertaining to Wright.

## III. Analysis

"In reviewing the denial of a motion to suppress, this court views the evidence in the light most favorable to the government and upholds the district court's factual findings unless clearly erroneous." *United States v. Danhauer*, 229 F.3d 1002, 1005 (10th Cir. 2000). "Determinations relating to the sufficiency of a search warrant and the applicability of the good-faith exception are conclusions of law, however, which this court reviews de novo." *Id.* Though reviewing courts afford "great deference" to the magistrate's probable cause determination, this court will not defer to a magistrate's determination if the supporting affidavit fails to provide "a substantial basis for concluding that

probable cause existed." *United States v. Rowland*, 145 F.3d 1194, 1204 (10th Cir. 1998) (quotation omitted). In determining whether a substantial basis for probable cause exists, the reviewing court "must examine the facts individually in their context to determine whether rational inferences can be drawn from them" that support probable cause. *United States v. Valenzuela*, 365 F.3d 892, 897 (10th Cir. 2004) (quotation omitted). The court, however, may not "arrive at probable cause simply by piling hunch upon hunch." Id.

Wright argues Detective Reid's affidavit was insufficient to support a finding of probable cause in three respects: (1) it was supported only by uncorroborated information from confidential informants; (2) it failed to establish a sufficient nexus between Wright's residence and the illegal activity; and, (3) it failed to support probable cause once the intentionally or recklessly omitted evidence of Detective Reid's unsuccessful investigative techniques was included.[1]

*A. Information Provided by the Confidential Informants*

Wright challenges the validity of the search warrant, asserting it rested on information from four confidential informants that was not sufficiently corroborated by the police. The Supreme Court has adopted a "totality of the

---

[1] Wright does not pursue the staleness argument on appeal, except to allege the magistrate judge's staleness analysis was flawed because the affidavit as a whole set out allegations too vague and uncorroborated to support probable cause. Accordingly, we do not address this portion of the district court's decision.

circumstances test to determine when information from an anonymous or confidential informant can establish probable cause." *United States v. Artez*, 389 F.3d 1106, 1111 (10th Cir. 2004) (quotation omitted). An informant's "veracity, reliability, and basis of knowledge are all highly relevant in determining the value of his report." *Id.* (quotation omitted). Those elements, however, "should be understood simply as closely intertwined issues that may usefully illuminate the commonsense, practical question whether there is 'probable cause' to believe that contraband or evidence is located in a particular place." *Illinois v. Gates*, 462 U.S. 213, 230 (1983). Accordingly, an officer is not required to corroborate information received from an informant through personal observation. *United States v. Mathis*, 357 F.3d 1200, 1204 (10th Cir. 2004). "Rather, an officer simply must have knowledge of other matters that reasonably corroborate the informant's statements." *Id.* A tip from a second (or third or fourth) informant can serve to reasonably corroborate the first informant's statements. *See Artez*, 389 F.3d at 1114; *United States v. Sturmoski*, 971 F.2d 452, 455-56, 457-58 (10th Cir. 1992).

Detective Reid's affidavit provides sufficient detail regarding the reliability of the four confidential informants to allow a magistrate to rely upon their statements as a basis for a finding of probable cause. According to the affidavit, all four informants had previously given reliable and productive evidence in other drug investigations. All identified 3750 South Midland Drive as the address

-8-

where Wright lived with his mother and stated drug dealing was Wright's main source of income.  In addition, CI#3 and CI#4 provided specific details about Wright's methamphetamine trafficking business:  who his suppliers were, how frequently he bought methamphetamine, where he stored his methamphetamine, and who was in his distribution network.  Finally, CI#4, an individual who previously supplied Wright with methamphetamine, also described his personal drug dealings with Wright.  The information provided by each confidential informant corroborated both the information received from the anonymous complaints and the information received from the other confidential informants.

Nonetheless, the affidavit makes clear that Detective Reid did not independently corroborate much of the information he received about Wright's alleged illegal drug distribution network.  Indeed, the affidavit reveals Detective Reid only verified one statement he received from the confidential informants.  The affidavit states Detective Reid contacted both federal and state tax agencies to corroborate that Wright subsisted on proceeds from his drug dealings alone.  Both agencies confirmed Wright had not reported any income for "a number of years."  According to the affidavit, this information, when viewed in conjunction with Wright's ownership of several vehicles and "well-fed" appearance, corroborated the confidential informants' statements that Wright's drug dealing represented his main source of income.

The absence of other, stronger, evidence independently corroborating the information provided by the four confidential informants is not dispositive under the commonsense, practical approach announced in *Gates*. "[A]n officer simply must have knowledge of other matters that reasonably corroborate the informant's statements." *Mathis*, 357 F.3d at 1204. The affidavit in this case lists three separate anonymous complaints from 2003, 2004, and 2005 informing police of Wright's alleged methamphetamine dealings. This information was subsequently confirmed by more detailed statements from confidential informants, whose reporting had previously proved reliable, and also by Wright's failure to report income to federal and state tax agencies for a number of years. Under the totality of the circumstances, it was proper for the issuing judge to rely upon the information provided by the four confidential informants despite Detective Reid's failure to independently corroborate much of that information.

*B. Nexus*

Wright also argues the affidavit failed to establish a sufficient nexus between Wright's residence and the illegal activity, even if all of the uncorroborated information provided by the confidential informants is credited. "An affidavit establishes probable cause for a search warrant if the totality of the information it contains establishes the fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Soderstrand*, 412

-10-

F.3d 1146, 1152 (10th Cir. 2005) (quotation omitted). Accordingly, the affidavit must establish a "nexus between . . . suspected criminal activity and the place to be searched." *United States v. Gonzalez*, 399 F.3d 1225, 1228 (10th Cir. 2005) (quotation omitted). Probable cause that someone is guilty of a crime does not alone establish probable cause to search that person's home. *Rowland*, 145 F.3d at 1204. Rather, an affidavit seeking a warrant for a home must establish probable cause as to that home, or a link between the home and the criminal activity. *Id.*

On appeal, Wright highlights there was no indication anyone ever purchased or saw any drugs in Wright's home, there were no controlled buys from the home or from Wright, there was no surveillance of Wright or his home, and there was no indication Wright or anyone who ever came to his home had a single drug-related conviction. Wright's argument, however, ignores the other evidence in the affidavit specifically linking illegal drugs to his residence. The affidavit states the police first learned Wright stored methamphetamine at the 3750 South Midland Drive residence from an anonymous complaint received in March 2004. CI#1 and CI#2 subsequently informed police in the fall of 2006 that Wright was a methamphetamine dealer who lived at the 3750 South Midland Drive residence with his mother. One of Wright's methamphetamine suppliers was subsequently arrested (CI#4), who in turn informed police that Wright stored methamphetamine in the 3750 South Midland Drive residence. Finally, in December 2006, and

-11-

again between December 2006 and March 2007, CI#3 informed police that Wright stored large quantities of methamphetamine in his bedroom at the 3750 South Midland Drive residence.  Under the totality of the circumstances, this information is certainly sufficient to establish there was a fair probability evidence of Wright's illegal drug dealing would be found at the 3750 South Midland Drive residence.  Accordingly, the information provided by the four confidential informants created a sufficient nexus between Wright's alleged criminal activity and his residence to support a finding of probable cause.

   *C.* Franks *Challenge*

Wright also alleges Detective Reid knowingly or recklessly omitted facts pertaining to several unsuccessful attempts to corroborate allegations against Wright, and argues the inclusion of these facts would have precluded a finding of probable cause.  Wright's argument is both forfeited and without merit.  "The standards of deliberate falsehood and reckless disregard set forth in *Franks* apply to material omissions, as well as affirmative falsehoods.  *United States v. Avery*, 295 F.3d 1158, 1166 (10th Cir. 2002) (quotation omitted).  To qualify for a hearing under *Franks*, however, a defendant must first make "a substantial showing that the affidavit contains intentional or reckless false statements" and that "the affidavit, purged of its falsities, would not be sufficient to support a finding of probable cause."  *Id.* at 1166 (quotation omitted).  Examination of the

record reveals Wright made no such showing in this case. Indeed, in briefing the applicability of *Leon* before the district court, Wright conceded that the first exception to the *Leon* rule, which also looks to whether the magistrate was misled by an affidavit containing false information, did not apply.

Wright's failure to present the district court with any argument regarding Detective Reid's alleged *Franks* violation constitutes forfeiture of the issue. *See United States v. Charles*, 576 F.3d 1060, 1065 n.1 (10th Cir. 2009). This court reviews a forfeited claim under the plain-error doctrine and will reverse only if "there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Teague*, 443 F.3d 1310, 1314 (10th Cir. 2006) (quotation omitted). Under the facts of the present case, Wright cannot demonstrate plain error because he cannot make a substantial showing, as required by *Franks*, that the claimed omissions were material. *See United States v. Charles*, 138 F.3d 257, 263-64 (6th Cir. 1998) (holding officer's failure in search warrant affidavit to mention several unsuccessful attempts to coordinate drug deals with defendant was not material and did not make the affidavit false). Inclusion of the details of Detective Reid's unsuccessful investigative techniques would not have altered the probable cause analysis in any way. Under the totality of the circumstances test, the affidavit in this case supports probable cause regardless of whether evidence of Detective Reid's failed knock and talks, trash

covers, and controlled buys is included.  Wright's claims under *Franks* are therefore without merit.

## IV.  Conclusion

The district court did not err in concluding, under the totality of the circumstances, that the affidavit supporting the search warrant established a sufficient nexus between the alleged criminal activity and Wright's residence.  In light of this, it is unnecessary to address the parties' alternative arguments regarding the applicability of the *Leon* good-faith exception.  Accordingly, the decision of the district court is hereby **AFFIRMED**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge