ANDERSON, J., Circuit Judge, concurring.
I concur because, as indicated in the opinion, this court’s decision in United States v. Gonzales, 399 F.3d 1225 (10th Cir.2005), seems to dictate the result reached. But I agree with the sense of the dissent that Gonzales may have unintentionally restricted the application of the good faith exception established in United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).
The good faith exception turns on objective reasonableness. Id. at 924, 104 S.Ct. 3405. Thus, the exception does not apply when, as relevant here, the affidavit supporting the search warrant is so lacking in indicia of probable cause as to “render official belief in its existence entirely unreasonable.” Id. at 923, 104 S.Ct. 3405 (emphasis added). The Supreme Court has recently emphasized that the threshold for establishing such an eventuality “is a *819 high one, and it should be.” Messerschmidt v. Millender, — U.S. -, 132 S.Ct. 1235, 1245, 182 L.Ed.2d 47 (2012).[1]
I am not so sure that Gonzales sufficiently recognized the “high threshold” standard in two ways. First, Gonzales seems to require that the link between the defendant and the place to be searched must be explicitly stated.[2] But, as the dissent points out, at least one panel of this court has found it sufficient if the link is evident from a natural reading of the affidavit. See United States v. Beck, 139 Fed.Appx. 950, 957-58 (10th Cir.2005) (unpublished). I agree with that view. The question is whether, from a reading of the affidavit as a whole, it would have been entirely unreasonable for the officer to make the connection. Is it entirely unreasonable to conclude that the words “his storage unit” refer to the storage unit (and the only storage unit) described almost immediately thereafter? And described in such detail as to fairly imply some focused research had been conducted into the subject? What if a colon rather than a period had been placed after “unit”? Wouldn’t that necessarily refer to the described unit? And, if so, is this search to rise or fall on a punctuation mark? If the word “entirely” means anything when modifying unreasonable, and if the “high threshold” requirement set by the Court is to be given effect, then there would seem to be every reason to uphold the officer’s view that the described unit was the defendant’s unit (and, of course it was, and, as was likely, it did contain bombs. Although none of that is relevant.)
Second, Messerschmidt has revitalized the impact of the magistrate’s view that the affidavit made out sufficient probable cause to justify the search warrant. In Malley v. Briggs, 475 U.S. 335, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986), the Court seemingly dispatched any such consideration by declaring that the question of reasonableness is to be judged as of the time of the warrant application not upon subsequent favorable action by the magistrate based on the application. However, last year, in Messerschmidt, the Court clarified its position as follows:
But by holding in Malley that a magistrate’s approval does not automatically render an officer’s conduct reasonable, we did not suggest that approval by a magistrate or review by others is irrelevant to the objective reasonableness of the officers’ determination that the warrant was valid. Indeed, we expressly noted that we were not deciding “whether [the officer’s] conduct in [that] case was in fact objectively reasonable.” The fact that the officers secured these approvals is certainly pertinent in assessing whether they could have held a reasonable belief that the warrant was supported by probable cause.
Messerschmidt, 132 S.Ct. at 1249-50 (quoting Malley, 475 U.S. at 345, 106 S.Ct. 1092).
Because the parties have not briefed the question, I am not prepared to explore the parameters of this advice from the Court as it may apply to this case — although, returning to the phrase “entirely unreasonable,” one wonders why the magis *820 trate’s view of the affidavit should not be taken as evidence of its obvious and natural meaning when evaluating whether the officer’s take on it was not only unreasonable, but entirely so. However, the point is that the Gonzales court omitted any consideration whatsoever of the magistrate’s action, even to bring it up and give reasons why it should be disregarded. That may still be the case in suppression cases, but the dissent in Messerschmidt went out of its way to declare that the majority had retreated from Malley.
I cannot get rid of the nagging feeling that if this case came back to us on a claim of qualified immunity in a civil suit, we would have no trouble declaring the officer’s actions to have been objectively reasonable. But, as I stated above, I concur that the evidence in question here should be suppressed, based on the controlling precedent, and trust that it will be a lesson to law enforcement to take greater pains spelling out and connecting probable cause facts in affidavits in support of search warrants.

. Messerschmidt is a qualified immunity case. But the Court made it clear that the same standard of objective reasonableness applies in both suppression and qualified immunity cases. Id. at 1245, n. 1.

. The opinion has no quarrel with the implication that a bomb-making defendant, confined to an apartment occupied by a child as well as himself, would keep some of his finished product in his storage unit. I agree that such a nexus may be, and was, made by implication. As discussed above, the only remaining implication was whether the storage unit described was the defendant’s.