GORSUCH, J„ Circuit Judge, dissenting.
A law enforcement officer is presumed to act in “good faith” when he relies on and executes a search warrant issued by a neutral magistrate. United States v. MeKneely, 6 F.3d 1447, 1454 (10th Cir.1993). That presumption may be overcome, but only when the affidavit supporting the warrant is “so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.” United States v. Leon, 468 U.S. 897, 923, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). The affidavit before us may be imperfect, but it’s hard to see how it’s as flawed as all that.
Here’s what the affidavit says. At the top of the first page, it states that the focus of the intended search is a storage unit, giving both a street address and this exquisitely detailed description:
Outback storage building unit number 6, located behind the Eureka Senior center at 209 N. Oak in Eureka, Ks in Greenwood county. The Storage unit is accessed in the alley west of the Senior center. The storage units are off white in color with white garage style doors on the front. There is a visible number 6 above the North end unit.
R. vol. 1, at 27. The affidavit then proceeds to offer a heap of evidence suggesting Mr. Dutton was in the business of making illegal bombs before explaining the attesting officer’s belief that evidence could be found either at Mr. Dutton’s “apartment or possibly in his storage unit.” R. vol. 1, at 27-28.
So what’s missing? The court acknowledges that no one can “quarrel with the concept” that the affidavit supports a reasonable belief Mr. Dutton stored bomb-making supplies in “his storage unit.” Order at 6. All that’s missing, the court says, is evidence that “Outback storage building unit number 6” actually belonged to Mr. Dutton. Id. The officers’ failure to detect this omission in the magistrate-approved warrant, the court says, is fatal. It is the only reason this court reverses the district court, the only reason the court says the officers failed to act in “good faith.” As a result, of course, any evidence of the five bombs the officers discovered will now be suppressed and, very likely, the charges against Mr. Dutton will be dismissed.
I respectfully dissent. In my view, Mr. Dutton cannot carry his burden of overcoming the good faith presumption. After all, what might be more reasonable than for an officer reading the magistrate-approved warrant to connect the only storage unit mentioned in the affidavit — one expressly described as his (and no one *821 else’s) — to the only person mentioned in the affidavit? The magistrate approving the warrant surely must have thought the storage unit belonged to Mr. Dutton, and the officers enforcing it must have thought so too. Even supposing this reading is something less than entirely obvious, so that some tiny inferential step remains, I struggle to see why it makes the affidavit, in Leon’s words, “so lacking in indicia of probable cause” as to render belief in its existence “entirely unreasonable.” It would hardly require a flight from all reason for an officer to surmise from the detailed description of the unit, the reference to Mr. Dutton and no one else, and the assurance that the unit was “his,” that the unit in fact was his. To know that much is to know Leon’s good faith exception must apply.
Admittedly and as the court observes, our own precedent in United States v. Gonzales, 399 F.3d 1225 (10th Cir.2005), must be reckoned with. And, as the court notes, some language in Gonzales might be read broadly to suggest exclusion as the proper remedy in our case. But since Gonzales issued this court has resisted such an expansive reading, adopted a considerably more restrained interpretation, and routinely upheld searches analogous to the one before us. See, e.g., United States v. Beck, 139 Fed.Appx. 950, 957-58 (10th Cir.2005) (unpublished) (distinguishing Gonzales and upholding a search where the affidavit described a specific truck to be searched and provided probable cause to believe “the vehicle” was used to transport contraband without explicitly linking the two); United States v. Roach, 582 F.3d 1192, 1202-03 (10th Cir.2009) (distinguishing Gonzales and upholding a search where the affidavit stated officers’ belief that the suspect resided at the target address, without specific factual support for that belief).
I would do the same here. Under the reading of Gonzales this court has adopted in Beck and Roach, an affidavit need not make a legally necessary point “explicitly” so long it is evident from “the natural reading of the affidavit.” Beck, 139 Fed.Appx. at 957; see also Roach, 582 F.3d at 1202-03. Applying that test here, there is no question that the natural reading of the affidavit leads a reader to the conclusion that the storage unit in question was Mr. Dutton’s. No other colorable reading is even advanced by Mr. Dutton.
Not only is Gonzales’s test, properly understood, readily satisfied. The case is also distinguishable. The affidavit there contained “no facts explaining how the address [of the searched residence] was linked to Mr. Gonzales, ... the suspected criminal activity, or why the officer thought the items to be seized would be located at the residence.” 399 F.3d at 1230. By the court’s assessment today, however, neither of the latter two problems exists in our case: the affidavit before us supplies sufficient reason to think that a storage unit belonging to Mr. Dut-ton would be linked to his illegal bomb making and that contraband could be found there. Order at 6. The only question in this case is whether a not-entirely-unreasonable officer reading the warrant for Mr. Dutton’s storage unit could have thought the particular storage unit identified in the affidavit as “his” was his. This is a situation Gonzales simply did not profess to resolve. See Gonzales, 399 F.3d at 1227-28.
To be sure, we owe our panel precedents deference and may overrule them only through established en banc procedures. But it is just as surely our duty, when fairly possible, to read our precedents in light of and consistently with the Supreme Court’s directions. When it comes to Gonzales, this court in Beck and Roach has *822 read it far less expansively than the court does today and much more harmoniously with Leon. I would follow that same course here. Extending Gonzales to require exclusion in this case is not required by our precedent (it is closer to inconsistent with it) and it leads us to issue a decision today that is inconsistent as well with the Supreme Court’s directions in Leon. Respectfully, I decline to follow that path.