**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 31, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRIAN SCOTT PERRY,

Defendant - Appellant.

No. 05-5146

N. D. Oklahoma

(D.C. No. 04-CR-189-001-TCK)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **EBEL**, and **TYMKOVICH**, Circuit Judges.

---

Appellant Brian Perry was charged in the United States District Court for

the Northern District of Oklahoma with possession of a firearm after prior

conviction of a felony, in violation of 18 U.S.C. § 922(g)(1); possession with the

intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1); and

possession of a firearm in furtherance of a drug-trafficking crime, in violation of

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

18 U.S.C. § 924 (c)(1)(A). Before trial he sought to suppress evidence, including a handgun, baggies containing methamphetamine, a spoon with methamphetamine residue, and drug paraphernalia, gathered during a search of his residence. The district court denied the motion, holding that the affidavit for the search warrant established probable cause and, alternatively, even if there were deficiencies in the affidavit, the good-faith exception to the exclusionary rule was satisfied, so that the evidence should not be suppressed. Mr. Perry was then convicted by a jury on all three counts. He was sentenced to 150 months' imprisonment. Mr. Perry now appeals the district court's denial of his motion to suppress. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

## I. BACKGROUND

Tulsa police officers conducted a search of Mr. Perry's home under a warrant based on an affidavit by Officer Anthony First. The affidavit contained the following allegations: (1) Officer First had been a Tulsa police officer for five years and had various formal and informal training in the "recognition of controlled dangerous substances" and on the "recognition of and enforcement against clandestine labs . . . ." R. Vol.1 Doc. 14 Ex. A at 1. (2) Within 72 hours before the affidavit was filed, Officer First had received information from a confidential informant (CI) that Mr. Perry was selling methamphetamine. "The CI told [Officer First] that they have purchased quantities of marijuana from Brian in the past at several different locations including Brian's house at 7112 E.

Jasper St.  The CI went on to state that each time they have placed orders for methamphetamine, Brian has been able to provide it." *Id*. (3) Also within 72 hours of the affidavit, Officer First met with the CI and arranged a controlled buy targeting Mr. Perry.  The CI contacted Mr. Perry and arranged to purchase a quantity of methamphetamine from him.  Officer First searched the CI's person, finding no drugs or money on him, provided him with a quantity of money with which to make the buy, and followed him to 7112 E. Jasper St.  (4) Officers maintained surveillance on the residence as the CI arrived, entered, and departed. No other people entered while the CI was inside.  When the CI exited, Officer First followed him to a location where the CI gave him a quantity of methamphetamine and told him that it had been obtained from Mr. Perry. Another search of the CI revealed that he had no other drugs on him.  (5) A search of police records revealed that Mr. Perry "has an extensive criminal history including four previous contacts for illegal drugs." *Id*. at 2.  (6) During two separate observation periods, officers observed a "very high volume" of "foot and vehicle, short term traffic" at Mr. Perry's home.  *Id*.

Mr. Perry filed a written motion to suppress the evidence gathered during the search of his residence, arguing that the affidavit was insufficient to support probable cause for the search and that the good-faith exception did not apply.  He contended that the officers employed inadequate precautions for the controlled buy, pointing out that the affidavit failed to indicate whether the CI's car, in

which he drove himself to and from Mr. Perry's residence for the buy, had been searched by the officers. At the suppression hearing he argued that probable cause and good faith were lacking also because the affidavit (1) did not provide the identity or purpose of any of the short-term visitors to Mr. Perry's house observed by the officers and (2) provided no basis for the assertion that methamphetamine was the substance returned to Officer First after the controlled buy.

Officer First's testimony at the suppression hearing clarified several statements in the affidavit. He testified that his partner had searched the CI's car both before and after the controlled buy, and that omission of that information from the warrant affidavit had been an oversight. He also testified that the statement in the affidavit that the CI gave him a quantity of "methamphetamine" after the controlled buy was based on a field test of the substance, because it was his practice always to field test substances under those circumstances.

On appeal Mr. Perry continues to challenge the sufficiency of the affidavit and the applicability of the good-faith exception. He does not pursue his argument below based on the failure to search the CI's vehicle. He focuses on the absence of any mention of the field test in the affidavit and the failure to provide dates for the surveillance of short-term visitors at Mr. Perry's house.

## II.  DISCUSSION

When we review a district court's decision on a motion to suppress, we accept the factual findings unless they are clearly erroneous, and review questions of law de novo. *United States v. Gonzales*, 399 F.3d 1225, 1228 (10th Cir. 2005).  Whether the warrant was supported by probable cause and whether the good-faith exception of *United States v. Leon*, 468 U.S. 897 (1984), applies are both questions of law. *Gonzales*, 399 F.3d at 1228.  Appellate courts have discretion to address probable cause or to proceed directly to the good-faith analysis. *Id*.  Here, the probable-cause determination is a close one, but the question of good faith is clear.  Therefore, we will proceed directly to the good-faith inquiry.

*Leon* announced a good-faith exception under which evidence procured in violation of the Fourth Amendment would nonetheless be admissible at trial.  468 U.S. at 913.  It declared that the exclusion of "reliable physical evidence seized by officers reasonably relying on a warrant issued by a detached and neutral magistrate," *id*. at 913, did not serve the primary purpose of the Fourth Amendment exclusionary rule—deterrence of police misconduct, *see id*. at 913-23; *see also Gonzales*, 399 F.3d at 1228-29.  The Court noted, however, four situations in which deference to the magistrate's probable-cause determination would not suffice to bring an officer's execution of the warrant within the good-faith exception:

-5-

> [1] Suppression . . . remains an appropriate remedy if the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth. [2] The exception we recognize today will also not apply in cases where the issuing magistrate wholly abandoned his judicial role . . . . [3] Nor would an officer manifest objective good faith in relying on a warrant based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable. . . . [4] Finally, . . . a warrant may be so facially deficient . . . that the executing officers cannot reasonably presume it to be valid.

*Leon*, 468 U.S. at 923 (internal citations and quotation marks omitted). On appeal Mr. Perry relies on only the third instance in which the good-faith exception would not apply, asserting that "[t]he affidavit at issue was so devoid of factual support that no reasonably well trained officer could have relied on it." Aplt Br. at 11. We disagree. (In his written motion to suppress, Mr. Perry claimed that the magistrate had wholly abandoned his judicial role in approving this warrant, but he does not renew that argument in his briefs to this court.)

"While officers are generally entitled to rely on the magistrate's judgment, they are also required to exercise their own professional judgment. . . . [W]e determine good faith in this context by considering whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization." *Gonzales*, 399 F.3d at 1230 (internal citation and quotation marks omitted).

In our view, Officer First's affidavit meets this standard. In particular, Mr. Perry's sole challenge to the controlled buy (which, if properly performed,

would itself establish the CI's credibility and support a finding of probable cause, *see United States v. Artez*, 389 F.3d 1106, 1111-12 (10th Cir. 2004)) is that the affidavit does not recite that a field test was conducted to establish the identity of the substance. But the very fact that the CI entered Mr. Perry's house with money and left with a quantity of a substance that a trained officer thought to be methamphetamine provides significant corroboration to the CI's assertion that he had been purchasing methamphetamine from Mr. Perry. Sloppiness in writing, and approving, affidavits for warrants is an unfortunate, and sometimes costly, error. But a well-trained officer who knew facts establishing probable cause could reasonably err in relying on approval of a warrant based on an affidavit that inadvertently omitted some of those facts. Officers need to be "reasonably well trained," but we cannot expect them to parse language as a skilled lawyer could. *See United States v. Corral-Corral*, 899 F.2d 927, 939 (10th Cir. 1990) ("[T]he knowledge and understanding of law enforcement officers and their appreciation for constitutional intricacies are not to be judged by the standards applicable to lawyers." (internal quotation marks omitted)). We cannot say that the affidavit was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Leon*, 468 U.S. at 923 (internal quotation marks omitted); *see United States v. Danhauer*, 229 F.3d 1002, 1007 (10th Cir. 2000); *United States v. McKneely*, 6 F.3d 1447, 1454 (10th Cir. 1993) ("It is only when an officer's reliance was wholly unwarranted that good faith is absent." (emphasis

and internal quotation marks omitted)).  Accordingly, we affirm the district court's determination under *Leon* that Mr. Perry's motion to suppress be denied.

## III.  CONCLUSION

For the reasons stated above, we AFFIRM the judgment of the district court.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge