**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 23, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

  Plaintiff-Appellee,

v.

CHANNING BURGESS,

  Defendant-Appellant.

No. 09-3131
(D.C. No. 2:08-CR-20062-CM-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, Circuit Judge, **McWILLIAMS**, Senior Circuit Judge, and **GORSUCH**, Circuit Judge.

Following an investigation by Immigration and Customs Enforcement ("ICE") agents, Channing Burgess was indicted on one count of receiving child pornography, in violation of 18 U.S.C. § 2252(a)(2), and one count of possessing child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). When the district court denied his pretrial motion to suppress incriminating evidence ICE agents recovered in a search of his home computer, Mr. Burgess pled guilty and was

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

sentenced, though he reserved the right to appeal the district court's suppression ruling to us. Mr. Burgess does just that now.

* * *

This case arose out of an investigation by ICE agents into "Sexy Angels," a member-restricted Internet website that provided access to child pornography, and at least according to Mr. Burgess, adult pornography as well. To purchase a subscription to the site, users had to provide personally identifiable information and send payments through PayPal, an online money transfer service. ICE agents obtained records from PayPal that identified various customers who had purchased access to the "Sexy Angels" site. One of these customers appeared to be Mr. Burgess.

After receiving this information, ICE Special Agent James D. Kanatzar obtained a warrant to search Mr. Burgess's home for evidence of child pornography. In requesting the search warrant, Agent Kanatzar submitted a 34-page affidavit detailing ICE's investigation and why he thought child pornography would be found in the proposed search. The warrant was approved by a neutral magistrate, and the subsequent search, conducted by Agent Kanatzar and others, revealed child pornography on Mr. Burgess's home computer.

After Mr. Burgess was arrested and indicted, he moved to suppress the incriminating evidence found by ICE agents. Mr. Burgess argued that the affidavit supporting the warrant failed to establish probable cause to search his

home.  Following an examination of the parties' briefs on the probable cause question, the district court asked for supplemental briefing.  The court asked the parties to address whether, even if the affidavit failed to supply probable cause, the "good faith" rule announced in *United States v. Leon*, 468 U.S. 897 (1984), precluded the court from suppressing the evidence in question.

In *Leon*, the Supreme Court held that evidence recovered pursuant to a legally deficient warrant is still admissible in criminal proceedings so long as the warrant was issued by a neutral magistrate and the executing officers' reliance on the warrant was objectively reasonable.  *Id*. at 913.  The Court, however, recognized certain circumstances when *Leon*'s "good faith" rule should not apply: first, when "the issuing magistrate was misled by an affidavit containing false information or information that the affiant would have known was false if not for 'his reckless disregard of the truth'"; second, when the "'issuing magistrate wholly abandon[s her] judicial role'"; third, "when the affidavit in support of the warrant is 'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable'"; and fourth, "when a warrant is so facially deficient that the executing officer could not reasonably believe it was valid." *United States v. Danhauer*, 229 F.3d 1002, 1007 (10th Cir. 2000) (quoting *Leon*, 468 U.S. at 923) (alteration in original).

Before the district court, Mr. Burgess sought to invoke the first and third of these exceptions to the *Leon* rule.  With respect to the first exception, Mr.

Burgess argued that Agent Kanatzar "intentionally or recklessly" failed to include in his affidavit "critical" information showing that, at the time Mr. Burgess subscribed to the "Sexy Angels" website, he was aware that it contained child, rather than adult, pornography. R. Vol. I at 101, 103. Mr. Burgess noted that the "Sexy Angels" website had a "banner page" viewers saw before they could provide any financial or personal information to gain access to the site. He emphasized that this banner page, while changing from week to week, suggested "beyond any question" that child (not just adult) pornography would be made available to subscribers. R. Vol. II at 40.[1] He noted that the banner page even showed images of child pornography to entice viewers to subscribe to the website. And, he emphasized, Agent Kanatzar knew all these facts, yet did not include them in his warrant application. The agent's omission of facts about the banner page, Mr. Burgess submitted, "was intentional [and] [t]his alone is enough to establish a lack of good faith." R. Vol. I at 103.

With respect to the third exception to the *Leon* rule, Mr. Burgess argued that the warrant was "wholly lacking in 'indicia of probable cause because it failed to establish any connection'" between his home and the computer that was

---

[1] In its brief to the district court, the government included the following "banner page" associated with the "Sexy Angels" website: "This is what you've been looking for[, for] so long! . . . In our Lolita paradise your sweet dreams will come true. These cute innocent angels are posing for you solo and in couples. They are ready to show you all their secret desires, so tight, so beautiful. Fly to paradise of orgasm with our little angels." R. Vol. I. at 73.

used to subscribe to the "Sexy Angels" website. R. Vol. I. at 104 (quoting *United States v. Gonzales*, 399 F.3d 1225, 1229 (10th Cir. 2005)). While ICE agents knew the specific Internet Protocol ("IP") address associated with the questioned subscription to "Sexy Angels," Mr. Burgess contended that they were unable to connect this IP address to his home computer. Accordingly, in his view, the affidavit failed to provide probable cause that child pornography would be found in his home.

The district court denied the motion to suppress, holding that, at a minimum, *Leon*'s "good faith" rule mandated its result. With respect to Mr. Burgess's argument under *Leon*'s first exception, the district court found that, while Agent Kanatzar "may have participated in the conscious decision to omit the information" regarding the banner page from the warrant application, "it does not follow that [he] intentionally or recklessly misled the magistrate judge." R. Vol. II. at 58. Instead, the evidence before the district court suggested that Agent Kanatzar omitted the banner page information because he thought that his 34-page affidavit already contained sufficient information to suggest that Mr. Burgess knew he was accessing child pornography when he subscribed to the "Sexy Angels" website. While the district court expressed doubt about the agent's assessment on this score, it noted that the officer's explanation did not suggest an intentional or reckless effort to hide information from the magistrate in order to secure a warrant. To the contrary, the district court emphasized, including

information about the banner page "would appear to only have strengthened the application, and in this case . . . , likely supported a probable cause finding."  R. Vol. II. at 58.  With respect to Mr. Burgess's argument under the third exception to the *Leon* rule, the district court found that "the affidavit established a substantial nexus between the place to be searched and the suspected criminal activity" and thus "the executing officer's reliance on the warrant was objectively reasonable."  R. Vol. II. at 59.

\* \* \*

Before us, Mr. Burgess has, understandably, chosen not to appeal his argument under the first exception to the *Leon* rule.  Such a challenge, after all, would implicate the district court's finding of fact that the ICE agent who prepared the warrant application did not "intentionally or recklessly" mislead the magistrate.  We may reverse such a factual finding only if it is clearly erroneous, *see Danhauer*, 229 F.3d at 1005, and there appears to be no basis for such a conclusion in this case.  As the district court explained, all the facts in this record suggest Agent Kanatzar omitted the information about the banner page because he thought (rightly or wrongly) that the affidavit was already sufficient to establish that Mr. Burgess knew he was accessing child pornography.  Neither, as the district court also explained, did the agent have any apparent incentive to hide the information about the banner page given that it would have strengthened, not diminished, the government's case for probable cause.

Instead, Mr. Burgess focuses his appeal on the district court's ruling on the third exception to the *Leon* rule, renewing his argument that Agent Kanatzar's affidavit lacked any evidence connecting his computer to the "Sexy Angels" website, and thus that no reasonable officer could have relied upon it. Because this argument is a purely legal one, turning on uncontested facts, we review the district court's ruling *de novo*. *See Danhauer*, 229 F.3d at 1005. In determining whether the third exception to *Leon*'s "good faith" rule pertains, our inquiry "is confined to the objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization." 468 U.S. at 922 n.23.

With these standards in mind, we agree with the district court that the affidavit supporting the warrant supplied a sufficient nexus between Mr. Burgess's home and the "Sexy Angels" website such that a reasonable officer could have reasonably relied upon it. The affidavit stated that transaction logs obtained from PayPal showed that Mr. Burgess had purchased a subscription to the "Sexy Angels" website on December 18, 2006 from a specific Internet Protocol ("IP") address. In connection with that transaction, PayPal records indicated that Mr. Burgess provided his full name, home address, telephone number, and an email address. The affidavit also described how ICE agents sought records from Yahoo Inc., the company through which the email address was issued. This search confirmed that the email address provided to PayPal

belonged to Mr. Burgess, and the address and phone number associated with that email account matched the information Mr. Burgess had provided to PayPal on December 18, 2006. The affidavit also described how agents further confirmed Mr. Burgess's address by running a credit history check on him and by obtaining his address from the Kansas Department of Revenue, Driver's License Bureau. While ICE agents were unable to determine which computer was assigned the IP address used on December 18, 2006 to purchase the subscription to "Sexy Angels," the affidavit indicated that the agents were able to determine that this IP address belonged to Internet Service Provider, Sunflower Broadband, whose records revealed that Mr. Burgess had been a customer since March 2005.

This case does not involve the type of "bare bones" affidavit of which the Court in *Leon* disapproved. *See id.* at 923 n.24, 926; *see also United States v. McPhearson*, 469 F.3d 518, 526 (6th Cir. 2006) ("A bare bones affidavit is one that merely states suspicions, beliefs, or conclusions, without providing some underlying factual circumstances regarding the veracity, reliability, and basis of knowledge.") (quotation marks omitted). The affidavit here is not devoid of facts linking Mr. Burgess's home to the "Sexy Angels" website, and therefore we cannot consider the executing officer's reliance on the warrant to be "entirely unreasonable." *Leon*, 468 U.S. at 923. We agree with the district court that the "good faith" rule applies, and affirm the district court's denial of Mr. Burgess's motion to suppress.

While this would seem to be the end of this appeal, in his reply brief and at oral argument, Mr. Burgess sought to raise a *new* argument under the third exception to the *Leon* rule. Now, he seemed to argue that the warrant did not contain sufficient information to suggest to a reasonable officer that Mr. Burgess knew he was accessing child pornography, at least to the extent that Agent Kanatzar's affidavit failed to include the "critical" information about the "banner page[]." R. Vol. I at 101.[2] Mr. Burgess did not, however, pursue this argument either before the district court, or in his opening brief on appeal.[3] And a party's

---

[2] We do not understand Mr. Burgess to suggest that the warrant would have been insufficient even if the affidavit had included information about the banner page. After all, throughout the district court proceedings Mr. Burgess represented that the banner page information was "critical" to the question of probable cause and good faith because it informed subscribers that they were paying to access child pornography. In response to the government's representation that the content of the banner page changed from week to week, Mr. Burgess represented to the district court that "even if the banner pages changed," they changed only from one depiction of child pornography to a different depiction of child pornography, and this "wouldn't change the fact that the banner page[] disclosed beyond any question prior to the active subscription what someone was subscribing to." R. Vol. II at 40.

[3] The closest Mr. Burgess came to raising this issue was in two fleeting sentences at the end of his opening appellate brief where he stated: "The warrant application must establish there are items subject to seizure due to their relationship to a crime, and that the items subject to seizure are located in the place to be searched. Even if the good faith exception can be applied to the second part of the inquiry, it cannot be applied to the first." Opening Br. at 22. Plainly, these two sentences do not clearly raise the issue he now seeks to pursue, and "we routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief." *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007).

failure to present an argument in an opening brief alone generally precludes our review. *See, e.g.*, *Bronson*, 500 F.3d at 1104.

But even if we could overlook this problem, the fact that Mr. Burgess did not pursue this argument before the district court means that, at best, we could review it only for plain error. *See, e.g.*, *United States v. Charles*, 576 F.3d 1060, 1065-66 (10th Cir. 2009). No such error exists here for at least two reasons.

First, it is uncontested that (1) the same ICE agent (Agent Kanatzar) prepared and executed the warrant, and (2) this agent knew about the contents of the banner page, even though he failed to mention them in his warrant application. Under at least some existing case law, no more is required to support a *Leon* "good faith" finding. As the Eighth Circuit has explained its view, "[w]hen [a court] assess[es] the objective reasonableness of the officers who executed a warrant," to determine whether the third exception to the *Leon* rule applies, it must examine not just the content of the warrant application but also "look to the totality of the circumstances, including any information known to the officers but not presented to the issuing judge." *United States v. Guzman*, 507 F.3d 681, 685 (8th Cir. 2007) (quotation marks omitted); *cf. United States v. Perry*, 181 F. App'x 750, 753 (10th Cir. 2006) (unpublished). *But see United States v. Hove*, 848 F.2d 137, 140 (9th Cir. 1988). To be sure, we have no published opinion announcing such a holding and the question remains an open

one in our circuit.  But it is precisely this fact that precludes us from finding any *plain* error in the district court's disposition.

Second, Mr. Burgess does not dispute either that (1) the officer who prepared and executed the challenged search warrant knew about the banner page, or (2) the banner page showed that he knew he was accessing child pornography when he subscribed to the "Sexy Angels" website.  His new argument is only about whether the warrant application included facts necessary to support probable cause, not whether such facts existed.  Because sufficient evidence *did* exist to support the search, even under Mr. Burgess's view of the case, we fail to see how the omission of particular facts from the warrant application affected Mr. Burgess's substantial rights or "the integrity, fairness, or public reputation of judicial proceedings."  *Charles*, 576 F.3d at 1066.

\* \* \*

The judgment of the district court is affirmed.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge