**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 30, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**PUBLISH**

### UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ALEXANDER WILLIAM SANTIAGO,

    Defendant - Appellant.

No. 24-6015

_____

**Appeal from the United States District Court**
**for the Western District of Oklahoma**
**(D.C. No. 5:22-CR-00253-PRW-1)**

_____

Perrin Tourangeau, Assistant Federal Public Defender (Virginia L. Grady, Federal Public Defender with her on the briefs), Denver, Colorado, for Defendant-Appellant.

D.H. Dilbeck, Assistant U.S. Attorney (Robert J. Troester, United States Attorney with him on the brief), Oklahoma City, Oklahoma, for Plaintiff-Appellee.

_____

Before **BACHARACH**, **SEYMOUR**, and **PHILLIPS**, Circuit Judges.

_____

**SEYMOUR**, Circuit Judge.

_____

Defendant Alexander William Santiago appeals his conviction and sentence on child pornography charges. At trial, Mr. Santiago was convicted of production and possession of child pornography and sentenced to 240 months imprisonment on the production count and 120 months imprisonment on the possession count, to run

consecutively. On appeal, he argues that the district court erred in denying his motion to suppress evidence obtained from his iPhone, which was initially searched under an impermissibly broad state search warrant and later searched under a federal search warrant whose underlying affidavit relied on the results of the state search.

For the reasons explicated *infra*, we agree with Mr. Santiago. Accordingly, exercising jurisdiction under 28 U.S.C. § 1291, we **reverse** the district court's denial of Mr. Santiago's suppression motion, **vacate** Mr. Santiago's conviction and sentence, and **remand** the case to the district court for further proceedings consistent with this opinion.

## I. Background[1]

In July 2021, an Oklahoma mother reported her 14-year-old daughter, G.P., missing. She suspected that G.P. was with Mr. Santiago because she had previously seen Snapchat images sent from Mr. Santiago to G.P. showing the two together. Police contacted Mr. Santiago, who was 24 years old at the time. He confirmed G.P. was with him and agreed to bring her to law enforcement. While talking with a forensic interviewer, G.P. said that Mr. Santiago was her boyfriend, that they were in love, and that they had had sex on more than one occasion.

Without a warrant, police officers arrested Mr. Santiago outside of his home and seized his iPhone. The subsequent affidavit of probable cause for the arrest mentioned three charges: (1) rape, (2) lewd or lascivious acts or proposals to a minor,

---

[1] The Court limits it recounting of the facts to the issues relevant on appeal.

and (3) a violation of a state statute that prohibits using electronic devices to commit a state crime. The state court judge reviewing the affidavit determined that the first two charges supported Mr. Santiago's continued detention.

Several weeks later, one of the arresting officers submitted an affidavit in support of a warrant to search Mr. Santiago's iPhone. A state court judge issued the search warrant, which said that Mr. Santiago's iPhone should be searched for:

> All call information, including voice mail messages, all outgoing and incoming calls, missed calls, recent calls, call logs, text messages, including incoming and outgoing messages, multimedia messages, including incoming and outgoing, IMEI numbers, serial number and any other numbers used to identify cell phones as well as any other information within said phone that may be deemed evidence that a crime has been or is about to be committed.

Rec., vol. I at 42–43. The search warrant did not reference any particular crime.

State law enforcement officials searched Mr. Santiago's iPhone. The search led them to discover images of child pornography. They referred the case to federal officials, who used the results of the state officials' search to seek a federal warrant to search Mr. Santiago's iPhone for evidence of child pornography. A federal judge granted the warrant. After the search, a federal grand jury indicted Mr. Santiago on two counts, for receipt and for possession of child pornography. In a superseding indictment, the charge of receipt of child pornography was exchanged for a charge of production of child pornography, based on photos of G.P. found on Mr. Santiago's iPhone.

Mr. Santiago filed a motion to suppress the evidence found on his iPhone. He contended that the federal search warrant's probable cause was the result of the state

3

search warrant and that the state search warrant was impermissibly broad, in violation of his Fourth Amendment rights. The government argued (1) that the state search warrant was not overbroad, (2) that even if it was, the good faith exception to the Fourth Amendment's exclusionary rule applied, and (3) that probable cause from the federal warrant existed even in the absence of the results of the state search.

The district court held a hearing on the motion to suppress. Afterward, it issued an order denying Mr. Santiago's motion. The court concluded that the state search warrant failed the Fourth Amendment's particularity requirement. However, it determined that the good faith exception to the exclusionary rule applied, which led it to hold that there was no need to exclude evidence from either the state search or the federal search. The court did not reach the question of whether there was probable cause for the federal search warrant in the absence of the evidence discovered during the state search.

Mr. Santiago proceeded to a jury trial, where he was found guilty on both charges. He was sentenced to 240 months for production of child pornography under 18 U.S.C. § 2251(a) and (e) and 120 months for possession of child pornography under 18 U.S.C. § 2252A(a)(5)(B) and A(b)(2), to run consecutively. This timely appeal followed.

## II. Standard of Review and Analysis

Mr. Santiago's appeal is relatively narrow. The parties now agree that the state warrant was facially overbroad in a way that appears, at least on its surface, to violate the Fourth Amendment's particularity requirement. In the context of the district

4

court's denial of Mr. Santiago's motion to suppress evidence found on his iPhone, the parties agree that this Court reviews "the district court's factual findings for clear error," *United States v. Muhtorov*, 20 F.4th 558, 592 (10th Cir. 2021), and reviews the district court's legal conclusions "relating to the sufficiency of a search warrant and the applicability of the good-faith exception . . . de novo," *United States v. Danhauer*, 229 F.3d 1002, 1005 (10th Cir. 2000). There are two remaining issues: (1) whether the good faith exception to the Fourth Amendment's exclusionary rule applies to the state warrant,[2] and (2) whether there was sufficient probable cause to issue the federal warrant if the results of the state search are excised from the affidavit seeking the federal warrant.[3] We address these issues in turn.

### A. The State Warrant

We turn first to the state warrant. The Fourth Amendment's warrant clause specifies that warrants may only be issued if they "particularly describ[e] the place to be searched and the persons or things to be seized." U.S. CONST. amend. IV. "The manifest purpose of this particularity requirement was to prevent general searches." *Maryland v. Garrison*, 480 U.S. 79, 84 (1987). The state search warrant in Mr.

---

[2] The government does not argue that the good faith exception applies to the federal warrant. Mr. Santiago explicitly argues that the good faith exception does not apply to the federal warrant. "Tenth Circuit precedent dictates that the good faith exception does not apply at all when a warrant affidavit is based on tainted evidence from a prior, unlawful search." *United States v. Loera*, 923 F.3d 907, 926 (10th Cir. 2019).

[3] The government also argues that Mr. Santiago has not preserved his argument against applying the good faith exception to the state search of his iPhone. We disagree and decline to discuss this issue further.

Santiago's case is a classic example of the kind of general search the Fourth Amendment is intended to prevent. It lists a variety of specific places within the iPhone that should be searched but then says, "as well as any other information within said phone that may be deemed evidence that a crime has been or is about to be committed." Rec., vol. I at 42–43. The state search warrant does not attempt to narrow this instruction by mentioning the crimes with which Mr. Santiago has been charged.

Over the course of the last century, the Supreme Court has explained and refined the contours of the exclusionary rule, which is a pathway by which courts exclude evidence obtained in violation of a defendant's constitutional rights. *See*, *e.g.*, *Weeks v. United States*, 232 U.S. 383, 392 (1914), *overruled by Elkins v. United States*, 364 U.S. 206 (1960); *Mapp v. Ohio*, 367 U.S. 643, 654–55 (1961); *Davis v. United States*, 564 U.S. 229, 236 (2011). But the exclusionary rule is not absolute. "[W]hen officers execute a search 'in objectively reasonable reliance on a subsequently invalidated search warrant,' exclusion of the fruits of that search is generally not warranted." *United States v. Little*, 119 F.4th 750, 767 (10th Cir. 2024) (quoting *United States v. Leon*, 468 U.S. 897, 922 (1984)). This is referred to as the good faith exception to the exclusionary rule.

A key question, then, is what constitutes objectively reasonable reliance. "Given that the particularity requirement is set forth in the text of the Constitution, no reasonable officer could believe that a warrant that plainly did not comply with that requirement was valid." *Groh v. Ramirez*, 540 U.S. 551, 563 (2004). When a search warrant clearly fails to comply with the Fourth Amendment's particularity requirement, as the state search warrant in Mr. Santiago's case did, no objectively reasonable officer could rely on it. *See*

6

*Cassady v. Goering*, 567 F.3d 628, 635 (10th Cir. 2009) (holding that the officers' reliance on a warrant with the broad phrase "all other evidence of criminal activity" was not reasonable).

As the district court correctly pointed out, and as the government reiterates on appeal, one purpose of the exclusionary rule is "to deter police misconduct." *Utah v. Strieff*, 579 U.S. 232, 241 (2016). It is true that the overbroad warrant was signed and issued by a judge, and judges are not police officers. However, we disagree with the district court's assertion that "[i]n this case, there is no police conduct to deter." Rec., vol. I at 109. While the judge is the one who has the responsibility to issue a sufficiently particular warrant, the overbroad language in the state search warrant here was directly copied from the affidavit applying for the search warrant, which was written by a police officer. *Id.* at 45. Additionally, police officers have a responsibility to safeguard and respect the constitutional rights of everyone with whom they come in contact. The execution of a plainly unconstitutional warrant is included in the kind of police misconduct the exclusionary rule seeks to deter.

We therefore hold that the good faith exception does not apply. Because "the presumptive rule against warrantless searches applies with equal force to searches whose only defect is a lack of particularity in the warrant," *Groh*, 540 U.S. at 559, the evidence resulting from the state search of Mr. Santiago's iPhone must be suppressed.

**B. The Federal Warrant**

We turn to the federal warrant. "[I]f a search warrant affidavit contains information obtained through a prior, unlawful search, we must . . . excise that

information and consider the adequacy of the affidavit anew." *United States v. Mora*, 989 F.3d 794, 799 (10th Cir. 2021). Whether the federal affidavit sufficiently established probable cause is a question of law. *See United States v. Gonzales*, 399 F.3d 1225, 1228 (10th Cir. 2005). In either their briefing or in oral argument, both parties indicated a preference for us to address this question of law instead of remanding for the district court to make this determination. We elect to resolve this question in the interest of judicial efficiency.

In the affidavit in support of the federal search warrant, paragraphs 19 and 20 indicate that the state search of Mr. Santiago's iPhone revealed images of child pornography. Rec., vol. II at 12–13. For the reasons set forth above, those references to the results of the state search must be excised from the affidavit.

Without the references to child pornography, the affidavit fails to establish probable cause to issue a federal warrant authorizing federal agents to search Mr. Santiago's iPhone for child pornography. It describes a sexual relationship between a 24-year-old and a 14-year-old. It alleges that there are images of Mr. Santiago and G.P. together that were sent over Snapchat, but none of these are described as being sexually explicit. Probable cause that a person had an inappropriate intimate relationship with a minor, or even probable cause that a person committed statutory rape, does not automatically create probable cause that the person in question possesses child pornography. *See generally United States v. Edwards*, 813 F.3d 953, 960–69 (10th Cir. 2015) (holding that an affidavit describing a defendant's online engagement with child erotica did not establish probable cause to search his home for child pornography). In the

federal affidavit in Mr. Santiago's case, the affiant did not assert, with data or otherwise, that there was a logical connection between Mr. Santiago's sexual relationship with G.P. and photos with G.P. and the probability of finding child pornography on his iPhone. Paragraphs 19 and 20 of the affidavit are what justified the federal warrant. Because the excised paragraphs no longer do so, the evidence resulting from the federal search of Mr. Santiago's iPhone must also be suppressed.

### III. Conclusion

For the foregoing reasons, we **REVERSE** the district court's denial of Mr. Santiago's motion to suppress the evidence from the state and federal searches of his iPhone. Accordingly, we **VACATE** Mr. Santiago's conviction and sentence and **REMAND** the case to the district court for further proceedings consistent with this opinion.